John D. Burns, Esquire
6305 Ivy Lane; STE 340
Greenbelt, MD 20770
301/441/8780
301/441/9472
info@burnsbankruptcyfirm.com

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND**
(Greenbelt Division)

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| | * | |
| **K STREET, LLC** | * | Case No: 22-00198 |
| | * | (Chapter 11) |
| | * | |
| Debtor | * | |
| _____ | * | |
| | * | |
| **K STREET, LLC** | * | |
| c/o The Burns LawFirm, LLC | * | Adversary Pro: |
| 6305 Ivy Lane; Suite 340 | * | |
| Greenbelt, MD 20770 | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| v. | * | |
| | * | |
| **DCI CONSTRUCTION, INC.** | * | |
| Serve: Reginald Riley | * | |
| Resident Agent | * | |
| 8855 Annapolis Road; STE 201 | * | |
| Lanham, MD 20706 | * | |
| | * | |
| **Defendant** | * | |
| | * | |
| -AND- | * | |
| | * | |
| **1219 K Street I, LLC** | * | |
| Registered Agent | * | |
| 100 H Street, NW | * | |
| STE 840 | * | |
| Washington, DC 20005 | * | |
| | * | |
| **Necessary Party** | * | |

\* \* \* \* \* \* \*

**COMPLAINT TO DECLARE MECHANICS LIEN NOTICE VOID AND IN VIOLATION OF THE AUTOMATIC STAY; FOR DETERMINATION OF VALIDITY, PRIORITY AND EXTENT OF LIEN; FOR TURNOVER OF PROPERTY OF THE ESTATE AND TO IMPOSE FEES/COSTS FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY**

**K STREET, LLC** (the "Debtor" or "Plaintiff"), by and through undersigned counsel John D. Burns, Esquire, John D. Burns, Esquire and The Burns LawFirm, LLC, file this Complaint To Declare Mechanic's Lien Notice Void And In Violation of the Automatic Stay; For Determination of Validity, Priority and Extent of Lien; For Turnover of Property of the Estate; and To Impose Fees/Costs For Willful Violation of the Automatic Stay (the "Complaint") against DCI CONSTRUCTION, INC. ("DCI" or "Defendant") and As To 1219 K STREET I, LLC (the "Ground Lessor"), and states as follows:

**JURISDICTION AND VENUE:**

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334(a), (b) and (e). Further, this Adversary Proceeding is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A), (B), (E), (K), and (O). <u>Plaintiff consents to the entry of final Orders by the Bankruptcy Court in this adversary proceeding.</u>

2.  Venue is proper pursuant to 28 U.S.C. § 1409.

**PARTIES:**

3.  K STREET, LLC is an entity that is formed and registered in the District of Columbia. It is the Debtor in this Chapter 11 case and the Plaintiff in this adversary proceeding. It is the owner of the building and improvements situated at 1219 K Street, Washington DC. Debtor is owned by Habte Sequar individually as the 100 equity interest owner.

4. DCI CONSTRUCTION, INC. is an entity that is formed and registered in Maryland engaged in the business of general construction. It is a creditor of the Debtor herein. It is the Defendant in this adversary proceeding.

5. 1219 K STREET I, LLC is the entity which currently owns the Res and is the Ground Lessor under the Ground Lease. 1219 K Street I, LLC is a New York limited liability company.

**FACTUAL STATEMENT:**

6. On or about October 25, 2022 (the "Petition Date"), the Debtor filed a voluntary Chapter 11 petition for relief under the Bankruptcy Code of 2005, as amended (the "Code") with the United States Bankruptcy Court for the District of Columbia (the "Bankruptcy Court").

7. The Debtor is a SARE. The Debtor owns a building consisting of about 49 units and is used for residential lending (the "Property"). The Property is situate on a ground parcel (the "Res") which is separately owned by a Ground Lessor knowns as 1219 K Street I, LLC. The address of the Debtor's Property is 1219 K Street, NE; Washington DC 20002. It is subject to a Ground Lease on the Res, hence the Ground Lessor as a party hereto. The Property is subject to a lien and security agreement from WesBanco Bank, Inc. (the "Bank").

8. On or about February 21, 2024, the Debtor and the Bank entered into a Joint Motion for entry of an order (a) pursuant to 11 U.S.C. § 363(f), Fed. R. Bankr. P. 6004 and Local Rule 6004-1, authorizing the Debtor to sell that certain ground leasehold interest in and to the real property located at 1219 K Street, NE, Washington, DC 20002 along with furniture, fixtures and equipment used in connection with the Property free and clear of all liens, claims, encumbrances and interests; (b) approving that certain Purchase and Sale Agreement (defined

below); (c) pursuant to 11 U.S.C. § 365, Fed. R. Bankr. P. 6006 and Local Rule 6006-1, authorizing the assumption and assignment of certain executory contracts and unexpired leases in connection therewith; and (d) granting related relief [Dkt. 270] (the "Sale Motion").  The gravamen of the Sale Motion was to approve a sale of the Property and associated personalty to 1219 K St NE, LLC (the "Buyer" for $6.8MM by and through a Plan of Liquidation and confirmation order.  On April 10, 2024 the Bankruptcy Court entered an Order [Dkt. 326] (the "Sale Order") approving the Sale Motion.

9. On April 23, 2024, the Bank filed its Plan of Liquidation [Dkt. 341], as modified from a prior filing made on February 12, 2024.  The Plan as germane hereto and as to the Sale Motion proposes to transfer the Property and consummate the sale of the Property set forth and approved by the Sale Order from the Sale Motion.  On April 17, 2024 and May 9, 2024 the Bankruptcy Court held confirmation hearings and the Plan was confirmed, pending further events and a confirmation order.

10. On a title search being conducted in anticipation of the aforementioned sale of the Property, a notice of mechanic's lien was picked up as an encumbrance that needed to be removed for closing.  A true and correct copy of the recorded mechanic's lien ("Lien") appeared to the benefit of DCI Construction, Inc. ("DCI"), a copy of which as recorded in D.C. is attached hereto as **Exhibit 1**.  The Court will observe that the content of the Lien describes detailed work to 19 units and relates to the Property, although it is recorded against the Ground Lessor.  It recites a construction sum due to DCI of $92,845.99.

11. The Debtor had proposed a build up to its plan of reorganization in early June, 2023 whereby the Debtor would build up to a sequence of 10 "unit turns" per month which would start with construction to make the units habitable for inspection purposes, then tenants

4

would be procured from the D.C. Gov't and its affiliate programs, and rents would arrive to normalize the process. The Bank was not authorizing use of its cash collateral for such large scale unit turns and construction under any budget.

12. Thus, in June, 2023[1], responsive to a question the Bankruptcy Court posed on how the construction on the unit turns was being funded and the Bankruptcy Court's concerns that unauthorized employment of contractors could lead to unwanted consequences, the Debtor advised the Bankruptcy Court at a videoconference cash collateral/status hearing that the work up on the units in the Property was being funded by Mr. Sequar personally with his own resources and family resources. Stated otherwise, there was to be no charge back to the Debtor directly or indirectly for such work.

13. It appears however that Mr. Sequar on the account of facts relayed by Mr. Riley as President of DCI engaged the Defendant as a contractor for the Debtor's and/or Ground Lessor's detriment without Bankruptcy Court authority. The undersigned engaged in several emails with Mr. Riley on April 12, 2024 (collectively, the "Email"):

> *Burns*: Thanks for speaking with me. You advised that Mr. Sequar hired your company. He said that as units were leased out at 1219 K Street, NE and work was done over 4-5 months. At first Mr. Sequar told you that the Bank had to approve the work. Then he said the Bank had approved the work. Then after many excuses about inspections and other bureaucratic delays. He never said the owner was in bankruptcy. He said he was trying to sell the property. He said the Bank was his "partner" in the process. He said the Bank was "working with him" and it would not be "a short sale." There was a dead person that had to be removed from the building, and that was more work. The Debtor was going to be paying as the Bank allowed payments. No payments ever came so when the Debtor failed to communicate further, your company put

---

[1] Undersigned counsel recalls from his file that this discussion occurred briefly on June 13, 2023 at the videoconference hearing that preceded an in person hearing conducted on June 27, 2023. The undersigned's recollection of the specific date could be in error.

in a mechanic's lien. You opened a PEPCO account on the building in your company name (at Mr. Sequar's request) and incurred $5,000.00 plus more for power. When you found out on Loopnet that there was a bankruptcy, Mr. Sequar said that you would have to get on line with everyone else as a creditor and get your own lawyer. You received a call from the Bank at issue today and the Bank representative asked if you would settle for a low payoff. You were offered 30-40 cents on the dollar and you wanted more. If this is accurate, please send me a notation or correction. I will then put it into an affidavit[2].

/s/JDB

*Riley:* The notes are pretty accurate. One small note, I wasn't offered 30-40 cents on the dollar. The rep shared that what he had been seeing was 30-40 cents on the dollar. No offer was made by them. I offered 65 cents on the dollar. Contract attached.

Thanks, Reginald

14. A copy of the email is attached hereto and incorporated herein as **Exhibit 2**.

15. The referenced contract (the "Contract") by and between DCI and ostensibly the Ground Lessor whose address and information is reflected on its header and signed by Mr. Sequar at its end binding an entity which he had no authority or consent to bind to a contract is signed ratified and dated October 30, 2024, and attached hereto as **Exhibit 3**.

16. The Contract and resultant Lien is issued facially against the Ground Lessor and the Res, although the work on the Property owned by the Debtor is what was contracted for by DCI. The Debtor never authorized the work or the Contract on the Property with DCI. The Bank never authorized the work or the Contract on the Property with DCI. The Ground Lessor never authorized the work or the Contract on the Property with DCI. The

---

[2] Despite three further emails from undersigned counsel on June 12, 2024 and June 13, 2024, no response and signed affidavit was received from Mr. Riley.

6

Bankruptcy Court was kept in the dark about the work that was ongoing with DCI, other than the Debtor's promises through Mr. Sequar that units were being fixed up by his own personal contractors and his own personal expense.

17. The Property needs to be sold and the title company has advised the Bank and in turn the Debtor through counsel that the Lien is an encumbrance that needs to be released. DCI filed the Lien as an "act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." *See*, 11 U.S.C. § 362(a)(3) (2024). It is also true that DCI's Lien was an "act to create, perfect or enforce any lien against property of the estate." *See*, 11 U.S.C. § 362(a)(4) (2024)

18. Property of the estate naturally is "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a) (2024) Property of the estate also involves property of the estate which the Debtor may use, sell or lease under Section 363(b) of the Code. Here, the Debtor has the right to assume and assign the Ground Lease on the Res to the buyer under the Order on assumption and assignment of the Ground Lease to the buyer under Section 365(a) of the Code.

19. Accordingly, the Ground Lease as it relates to the Res is property of the estate. "Certain contracts that are property of the estate may be said to vest the debtor with property rights of a sort and their termination would have the effect of removing property from the proceeding in violation of section 362(a)(3). A common example would be a lease of real property . . . 2 Collier on Bankruptcy ¶ 362.043 (15th ed. 1983)." *See, In re Merchants Plaza, Inc.*, 35 B.R. 888, 893-894 (Bankr. E.D. Tenn. 1983).

20. Likewise, the imposition of a Lien on the Res which impacts the Property and the pending sale of the latter to the Buyer arising from an unauthorized void Contract which

was both created in violation of Section 363(b) and 362(a) of the Code is a violation of stay which is nugatory and void from its inception. *In re Lampkin*, 116 B.R. 450 (Bankr. D. Md. 1990) (actions in violation of stay are void not voidable).

21. The Debtor has written to Mr. Riley today on June 13, 2024 to apprise him and DCI of the actions being filed within this Complaint, and more importantly the ongoing liability Defendant has under 11 U.S.C. § 362(k) (eg; attorneys fees and actual damages and punitive damages).  No response has been received as of the filing of this Complaint.  The sum at issue; $92,845.99 is substantial.  It is not appropriate for the Debtor, the Bank or the Ground Lessor to offer or pay to Defendant any quantum of these monies as a condition for release of the Lien, so that the sale may proceed. It was up to the Defendant to release the lien once he learned of the bankruptcy in 2023 as he relays in his confirmation of the Email.  A copy of the letter of June 13, 2024 setting forth consequences of Defendant's actions and inaction in failures to respond to resolution attempts is attached hereto as **Exhibit 4**.

**COUNT ONE FOR DECLARATORY RELIEF
AS TO VALIDITY, PRIORITY AND EXTENT OF LIEN:**

22. The Plaintiff incorporates paragraphs 1-21 as though more fully set forth restated herein.

23. Federal Rule of Bankruptcy Procedure 7001(2) provides in relevant part that a proceeding to determine the validity, priority or extent of a lien or other interest in property is to be determined by adversary proceeding.  *See*, Fed. R. Bankr. P. 7001(2) (2024)

24. Herein, the Lien that issued and was recorded by Notice of Mechanic's Lien on February 5, 2024 for $92,845.99 constitutes a lien of record on the Res owned by the Ground Lessor under District of Columbia Code Section § 40–301.01.  The Debtor has standing

and capacity to obtain a determination of the validity, scope and extent of the Lien because it impairs the Debtor's use of the Property in connection with a sale of the Property and assumption and assignment of the Ground Lease arising under the Sale Motion, Sale Order, Plan of Liquidation and forthcoming Confirmation Order.  To that extent, the Res is property of the estate herein and subject to use and leasehold by the Debtor.  *See*, 11 U.S.C. §§ 363(b) and 365(a), (b).  The Lien impairs the use of the Ground Lease and its assumption which require both adequate assurance of cure and adequate assurance of future performance to the Ground Lessor.  The Lien impairs the use of the Property under the sale which is to close shortly with the Buyer.  *See*, 11 U.S.C. §§ 363(f), 365(b)(1)(A), (C) (2024)

25. Section 362(a)(3) of the Code provides further that any act to obtain possession or control over property of, over or from the estate is a violation of the automatic stay. Similarly, any act to create, perfect, or enforce any lien against property of the estate is likewise barred under Section 362(a)(4) of the Code as a violation of the automatic stay.  This is applicable to all "entities" not merely creditors of the estate and Debtor.  DCI is an entity and a person and a corporation under 11 U.S.C. §§ 101(15), 101(41), 101(9).

26. The Lien has no validity.  It was created under the D.C. Code by Defendant; however, it arises and purports to bind the Ground Lessor and the Res without a valid Contract or consent of the Ground Lessor or the Debtor to the terms of the Contract, the services ostensibly being provided by Defendant, or Bankruptcy Court approval.  There is no validity to the Lien.  The Lien has no priority. As an unauthorized encumbrance of record arising from a Contract that was not consented to by Plaintiff or Ground Lessor, it exists presently against the title to the Res and impairs the Ground Lessor's rights, it also impairs the Plaintiff's rights to use the Ground Lease by the rights of sale and lease and assignment previously alluded to.  It has no

priority relative to any other liens or mortgages or interests on the Res or as to the Ground Lease. There is no extent as to any of the foregoing conditions as the Lien is void and nugatory. Relief is warranted under 11 U.S.C. § 105(a).

WHEREFORE, the Bankruptcy Court should enter a declaratory judgment finding and concluding that the Lien is invalid, presents no priority relative to any other lien or mortgage or encumbrance or interest, and presents no extent as to any of the foregoing criteria, a judgment striking the Lien from the D.C. land records and granting such other and further relief as equity and justice may require and granting such reasonable attorneys' fees and costs in favor of the Debtor herein.

### COUNT TWO FOR TURNOVER OF PROPERTY OF THE ESTATE:

27. The Plaintiff incorporates paragraphs 1-26 as though more fully set forth restated herein.

28. Section 542(a) of the Code provides as germane that "an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title . . . shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." 11 U.S.C. § 542(a) (2024).

30. Federal Rule of Bankruptcy Procedure 7001(1) provides that a "proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property of the trustee." *See*, Fed. R. Bankr. P. 7001(2) (2024)

31. The Defendant holds an interest in property of the estate; namely, the Ground Lease by the Lien which needs to be released and turned over to the Debtor for use sale lease and assumption and assignment, and as to the Ground Lessor as to free and clear title on

the Res.  The condition of title is both a condition of the title company in the sale, and represents an aspect of adequate assurance of cure and adequate assurance of future performance under the Sale Order and Sale Motion as implemented through the Plan and Confirmation Order.  *See*, 11 U.S.C. §§ 365(b)(1)(A), (C).

32.  Although the actions of the Defendant in entering to the Contract with the Ground Lessor by and through Mr. Sequar created an unlawful contract without consent, and the actions of the Defendant in enrolling the Lien in derogation of the automatic stay under Sections 362(a)(3), (a)(4) of the Code created a void obligation of the estate to the Defendant, the duty of turnover by release of the Lien from the D.C. Land records arises under enabling substance of Section 542(a) of the Code.  *See, Chicago v. Fulton*, 592 U.S. ____ (2021).  There is no defense to the turnover of the property of the estate that is represented by the deprival of the use of the Property and Ground Lease by the imposition and retention of the Lien by the Defendant.  No exception to Section 542(a) of the Code is applicable herein.

33.  The Defendant should be required and directed by a judgment entered by this Bankruptcy Court to turnover the Lien by release of same so that the encumbrance against property of the estate which it represents shall comply with the Defendant's duties upon such demand under Section 542(a) of the Code.  Relief is warranted under 11 U.S.C. § 105(a).

WHEREFORE, the Bankruptcy Court should enter a declaratory judgment finding and concluding that the Defendant shall turnover property of the estate to the Debtor and release the Lien and compelling such turnover and release and granting such other and further relief as equity and justice may require and granting such reasonable attorneys' fees and costs in favor of the Debtor herein.

**COUNT FOUR FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY AND**

**IMPOSITION OF ATTORNEYS FEES AND ACTUAL DAMAGES AGAINST DEFENDANT:**

34. The Plaintiff incorporates paragraphs 1-33 as though more fully set forth restated herein.

35. The creation and execution of the Contract by and between Defendant and Mr. Sequar ostensibly on behalf of the Ground Lessor for work to be performed for the Debtor without Bankruptcy Court authorization or consent of the Bank, Debtor or Ground Lessor was a an act to control or possess property of the estate, and as to property from the estate, by Defendant. The units subject to the work as detailed in the Contract and ultimately the Lien are property of the estate in the building that is the Property herein. The rents which were to be the source of Defendant's repayment are property from the estate and property of the estate. The Defendant took steps in creating the fictious Contract – although in the name of the Ground Lessor and signed by Mr. Sequar for the Ground Lessor – and then in requesting payments from the rents which are property of the estate to violate Section 362(a)(3) of the Code.

36. The filing of the Lien by the Defendant in February, 2024 after obtaining actual knowledge of the existence of the bankruptcy filing of the Defendant and its case existence is a violation of Section 362(a)(3) by an attempt to possess or control the Debtor's property of the estate which exists in the Ground Lease, and ultimately as to the Property in which the Defendant allegedly performed its work. The filing of the Lien is also a violation of Section 362(a)(4) of the Code which prohibits and bars any act to create, perfect or enforce any lien against property of the estate.

37. "[T]he conduct of a creditor in violating the stay is willful when 'there is ample evidence in the record to support the conclusion that [the creditor] knew of the pending

petition and intentionally attempted to [continue collection procedures] in spite of it.'" *In re Hamrick,* 175 B.R. 890 (D.N.C. 1994). There is no restriction of this basic knowledge and actual formula without specific intent to claimholders, as Sections 362(a)(3) and (a)(4) pertain to entities, like Defendant.

   38.   The Bankruptcy Court should declare the Contract and the Lien void ab initio in this Chapter 11 case.

   39.   Section 362(k) provides as germane that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k) (2024). The term individual therein does not restrict this to a natural person only. "Sec. 362(h) must be read in conjunction with the rest of Sec. 362 and that its sanctions are not limited to the relief of an "individual" in the literal sense." *See Budget Service Co. v. Better Homes of Virginia, Inc.*, 804 F.2d 289, 292 (4th Cir. 1986).

   40.   The Debtor by counsel has attempted to ameliorate this matter by reaching out to Mr. Riley of DCI prior to the preparation and now necessary filing of this civil complaint and adversary proceeding. The Debtor's requests went unheeded and the letter at *Exhibit 4* evidences the efforts of counsel to engage the Defendant pre-litigation without success. All the Defendant wanted to engage in as the Email demonstrate is some quantum of money to release the Lien and step away from the violation of the automatic stay. That is not proper.

   41.   The Bankruptcy Court should award attorneys fees and costs in connection with this civil action to the Debtor and such actual damages provable at trial under Section 362(k) of the Code. These would include independent financial sanctions to the benefit of the Debtor and if appropriate to the Ground Lessor for being put to the task of striking a Lien which

should never have been filed once the Defendant learned in late 2023 that the Debtor was in a bankruptcy case. Likewise, if there is a finding that the Defendant and Mr. Sequar engaged in this Contract and ensuing transactions with knowledge that the Ground Lessor did not consent to the same, and with knowledge that the Debtor and Bank did not consent to the same, punitive damages may be appropriate as provable at law. In determining punitive damages, the Courts are guided by standards ranging from "maliciousness to bad faith," or "egregious, vindictive or intentional misconduct." *See, generally, In re Hodge*, 367 B.R. 843 (Bankr. M.D. Ala. 2007). Punitive damages are also available under 11 U.S.C. § 105(a). *See, In re Vazquez*, 221 B.R. 222 (Bankr. N.D. Ill. 1998). Relief is warranted under 11 U.S.C. § 105(a).

WHEREFORE, the Bankruptcy Court should enter a declaratory judgment finding and concluding that the Contract and Lien and all steps in connection therewith taken by Defendant are void and in violation of the automatic stay of 11 U.S.C. §§ 362(a) and that actual damages including attorneys fees and costs of suit and if appropriate on evidence submitted at trial punitive damages should be imposed upon Defendant and granting such other and further relief as equity and justice may require herein.

Respectfully submitted,
/S/ John D. Burns

_____
John D. Burns, Esquire (#22777)
The Burns LawFirm, LLC
6305 Ivy Lane, Suite 340
Greenbelt, Maryland 20770
(301) 441-8780

Date: June 13, 2024            Counsel for Plaintiff/Debtor